HEALY BROTHERS, *et al*, v. GEORGE V. JORDAN, Appellant.

DISTRAINT OF ANIMALS: *Notice.* Under Code 1873, section 1454, providing that, in case of distraint of trespassing cattle and failure of the owner to satisfy the damages, the land owner shall notify the township trustees to assess the damages, "such notice to be either verbal or in writing," and "the owner of stock, or person entitled to the possession thereof; when known, shall also be notified of the time and place of the meeting of the trustees to assess said damages," a verbal notice of such meeting to the owner of the cattle or person entitled to the possession thereof is sufficient.

*Appeal from Crawford District Court.*—HON. C. D. GOLDSMITH, Judge.

THURSDAY, OCTOBER 15, 1897.

DEFENDANT distrained plaintiffs' hogs doing damage in his field. He notified plaintiffs, and one of them came, but they failed to agree upon the damages, and defendant notified the township trustees to assess the damages. This action is replevin for the possession of the hogs. The defense is a right of possession because of the distraint. The court directed a verdict for the plaintiffs, and the defendant appealed.—*Reversed.*

*Shaw & Kuehnle* for appellant.

*P. E. C. Lally* for appellees.

GRANGER, J.—The following is a part of section 1454 of the Code of 1873: "Within twenty-four hours after the stock has been distrained,

Sunday not being included, the party so injured, or his agent, shall notify the owner of said stock, when known, and if said owner sha l fail to satisfy the owner of or occupant cultivating said land, he shall within twenty-four hours thereafter, notify the township trustees to be and appear upon the premises to view and assess the damages; such notices to be either verbal or in writing. * * * The owner of the stock, or person entitled to the possession thereof, when known, shall also be notified of the time and place of the meeting of the trustees to assess said damage." It is not questioned but that, if the distraint proceedings were legal, the defendant would be entitled to the possession of the hogs. The objection to such proceedings was that no notice was given plaintiffs of the time and place of the ass·ss-ment by the trustees. Defendant offered to prove a verbal notice of that kind, which the court refused to permit; and the only quest'on for us is, is a verbal notice in such case sufficient? We think it is. It seems to us the language of the section practically settles it. In the first part of the section it is provided that the notice to the owner of the stock and to the trustees may be either verbal or in writing. That, it is true, is a notice of the distraint, but is the important notice, for it is the first one, and gives notice of the taking of the stock, and other proceedings are to follow, by way of settle-ment or assessment. Surely, if a verbal notice is good in the first place, such a notice after a failure to settle the damage ought to be good as to the time and place for the assessment. There seems to be nothing to elaborate. We think a verbal notice was sufficient. The judgment is REVERSED.